THE CENTRAL RAILROAD & BANKING CO. *v.* DOTTENHEIM.

1. Upon an inquiry as to what caused the breaking of a car axle which occurred on the railroad of the defendant at a time when a train was wrecked, it was not error to refuse to allow a witness offered by the defendant to describe to the jury an axle which had been brought to him, reputed but not proved to have come from the defendant's railroad, and not identified either as belonging to the defendant or as the one involved in the inquiry, although the defendant also expected to prove by this witness that the axle he examined "was broken exactly as the other witness saw the axle made by the wreck after the injury."

2. It appearing that the plaintiff had been injured in a wreck on defendant's road, and that about two years thereafter he had a fall which resulted in serious injury to his spine, and the plaintiff himself testifying that he "got over the first hurt," a charge based upon the theory that the injury caused to the plaintiff by the defendant was permanent, if authorized at all, should have been accurate both in substance and phraseology.

3. The charge on the subject of permanent injury authorizing the jury to consider any diminution in the plaintiff's capacity to earn money caused by the injury alleged in the declaration as if such diminution would continue from that cause alone during the

entire period of his expectancy and up to the time of his death, and not instructing the jury to take into consideration such diminution as might be caused by declining years or by receiving another serious injury of which there was positive proof by the plaintiff himself, was erroneous.

4. Read in connection with the entire charge, the instruction complained of regarding the measure of damages to be allowed the plaintiff on account of pain and suffering was not ambiguous, misleading or erroneous.

5. As the case is to be tried again, no opinion is expressed as to whether or not the verdict was authorized by the evidence. And as the questions relating to the refusal of a continuance and alleged newly discovered evidence, will not arise upon the next trial, no ruling thereupon is necessary.     *Judgment reversed.*

April 17, 1893.  By two Justices.  Argued at the last term.

Action for damages.  Before Judge MILLER.  Bibb superior court.  April term, 1892.

The plaintiff obtained a verdict for $2,500 for personal injuries received by him by the wrecking of a railroad train on which he was a passenger, and a motion by the railroad company for a new trial was overruled.  The grounds of the motion (other than those referred to in the last head-note, which are not material here) are as follows:

1. Error in not permitting Willis, a witness offered by defendant, "to describe the axle that had been brought to him and which was reputed to have been brought to him from" the railroad on which plaintiff was injured.  "Defendant expected to prove by the witness that this axle was broken exactly as the other witness saw the axle made by the wreck after the injury." Defendant's counsel admitted he could not identify the axle examined by Willis as the one broken at the accident; and for want of identification alone the evidence was rejected.

2. The court charged the jury: "If you determine it [the question of diligence] for the company, you stop there and find in favor of the defendant.  If you deter-

mine that against the company, then you go forward and inquire into the extent of Dottenheim's injuries, find out whether he was injured; if so, to what extent? Was that injury permanent? He says in his declaration, that the effect of that injury upon him has been to diminish his power, his capacity to earn money, to permanently diminish it; that since that time he has not been able to earn as much; that but for that injury he would be earning more than he has earned since; in other words, his money-making power has been diminished. If you don't believe that is true under the evidence, then you need not consider that feature of his claim. If you do, however, then you ought to determine from the evidence how long he would probably live, his life expectancy in other words." The instruction as to permanent injury was assigned as error.

The court further charged: "The measure of damages, when you settle these facts under the evidence, is this: First, if you find his capacity to labor, make money, has been permanently diminished, you would determine how much. If, for instance, a man was earning $2,000 a year and the effect of the injury would be to leave him able only to earn $1,000, you would of course see his earning capacity would be diminished one half. That is merely an illustration; so you take it and find out if his earning capacity has been diminished, and to what fractional extent; then find out from the evidence, taking these life-tables if you see fit to use them (you are not bound by these tables; you can use them to determine how long this man could expect to live); then from those two facts, the amount of his diminution, its extent and the length of time that he would expect to live, you would reach such an amount as would make good to him the loss year by year, and at the end of the time be itself consumed, that is such an amount as paid down now would represent that fractional loss for that

period of time and still at the end of the expiration of that time be itself consumed." Assigned as error for want of sufficient evidence to authorize it. ·

Error was assigned on the first clause of the following charge: "Now, as to the claim for pain and suffering, the measure of damage is simply the conscience of the jury, what the law calls the enlightened conscience of an impartial jury; there can necessarily be no mathematical caculation as to that; no rule of arithmetic helps a jury there. You take the evidence and the nature of the man's injuries, and as reasonable, fair-minded men, and determine from that what he must have suffered, if at all; the extent of the suffering, how long he suffered, the amount of it, the intensity of it; all that you ought to consider as conscientious men seeking to do justice between the plaintiff and defendant, and give him such an amount as in your conscience you think is right in this particular case."

R. F. LYON, for plaintiff in error.
DESSAU & BARTLETT, contra.