## ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* BROWN.

## ALABAMA GREAT SOUTHERN RAILROAD CO. *v.* FRYE.

1. The court did not err in refusing to grant a nonsuit.

2. The court did not err in charging the jury as follows: "When the plaintiffs have shown, if they have, that the personal injury occurred and the damage to the personal property was done on account of the running of the engine and cars of the defendant company, then the burden of proof would be upon the defendant company to show that it used all ordinary and reasonable care and diligence to prevent the injury; and if it shows that, then it would not be liable at all; otherwise it would be, provided Brown could not, by the use of ordinary care, have prevented the injury to himself and the property." The charge correctly stated the law, and was applicable to the issue.

3. The court erred in instructing the jury as follows: "I charge you in this connection that it is the duty of the engineer and fireman to be upon their seats, at their posts of duty, looking ahead, unless otherwise engaged in other duties necessary, ordinary and usual for the running of the engine and cars, or the train." Whether it was the duty of the engineer and fireman, at the time of the collision with one of the plaintiffs and with the personal property of the other plaintiff, to be upon their seats, was a question of fact for decision by the jury, and should have been left to them for their determination.

4. The court did not err in charging the jury as follows: "The burden is upon the plaintiff, Brown, in the first instance to show that he was injured and damaged as he contends, and also upon the other plaintiff to show that his property was injured and damaged as he contends; if they have carried that burden, then the burden would be upon the defendant company to show that it used all ordinary and reasonable care and diligence to prevent the injury and damage to plaintiff."

5. The charge in reference to the law for the ascertainment of damages for permanent injury was wanting in completeness and accuracy.

6. In the absence of a written request upon the subject, the omission to charge that if the injury resulted from accident there could be no recovery was not such a failure to charge in regard to a distinct and substantive defense as will require the grant of a new trial.

7. Failure of the court to charge the law applicable to the diminution of damages on account of contributory negligence, and failure to charge that if the negligence of the plaintiff and the defendant company were equal the plaintiff could not recover, in the absence of pertinent written requests so to charge, is not cause for the grant of a new trial, under the facts of this case.

8. The other charges of the court complained of were not error for any of the reasons assigned.

JUNE 13, 1912.

Actions for damages.    Before Judge Fite.    Dade superior court. February 6, 1911.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*Foust & Payne,* contra.

BECK, J.  J. W. Frye sued the Alabama Great Southern Railroad Company to recover damages for the killing of a team of horses, and the destruction of a wagon and set of harness, caused by the agents and employees of the railroad company in negligently and recklessly running against and upon the same with an engine and train of cars.  He alleged that the engineer and fireman, in the exercise of ordinary care and diligence, could have discovered the wagon and horses upon the track in time to stop the train before reaching them, but that they failed to exercise ordinary care in stopping the train and preventing the collision.  In the same court J. P. Brown filed suit against said railroad company to recover damages for injuries sustained at the time and place designated in the petition filed by Frye, and alleged, that, while driving a team of horses along a public highway near a cut on defendant's railroad, the horses became so frightened and unmanageable on account of the approach of a train designated as No. 1, by reason of the unusual and unnecessary noises made by it and by the escape of steam and blowing of the whistle, the wagon and team and petitioner were carried over an embankment and into a cut on the railroad; that petitioner was rendered partially unconscious and unable to remove himself; that while he and the horses and wagon were in the cut, unable to get out, another of defendant's trains, designated as No. 6, negligently and recklessly ran upon and over petitioner and the horses and wagon, and in the collision petitioner was greatly injured, either by being struck by the engine and cars or by portions of the horses or wagon or contents of the wagon being knocked against him with force and violence; and that at the point where this collision occurred the public constantly used the tracks and right of way of defendant as a highway, and this practice was recognized and acquiesced in by the defendant.  Upon the trial plaintiff Brown did not ask for a recovery on account of any negligence alleged as to the operation of train No. 1, and the court instructed the jury that under the evidence no recovery could be had on account thereof.

The two cases were tried together.  At the conclusion of the evidence on behalf of plaintiffs the defendant made a motion for a nonsuit in the case of Brown, which was overruled, and excep-

tions pendente lite were filed. The jury returned verdicts in favor of both plaintiffs. A motion for a new trial in each case was over-ruled, and the defendant excepted.

1. Under the evidence the right of the plaintiff to recover was a question of fact for the jury, and the court did not err in refusing to grant a nonsuit.

2. Complaint is made of the following charge of the court: "When the plaintiffs have shown, if they have, that the personal injury occurred and the damage to the personal property was done on account of the running of the engine and cars of the defendant company, then the burden of proof would be upon the defendant company to show that it used all ordinary and reasonable care and diligence to prevent the injury; and if it shows that, then it would not be liable at all; otherwise it would be, provided Brown could not, by the use of ordinary care, have prevented the injury to him-self and the property." This charge is a substantial restatement of the provisions contained in §§ 2780 and 4426 of the Civil Code, and is not open to the criticism made upon it.

3. The court charged the jury as follows: "Now, as I said before, the plaintiff Brown was a trespasser upon the railroad, whether he so willed it or not, so far as the railroad is concerned, or its liability is concerned; and as to trespassers, I give you this in charge: as to trespassers upon the track of a railroad company, the duty to observe ordinary care and diligence for his protection does not devolve upon the company's servants in charge of the train until his presence upon the track becomes known to them. I charge you in this connection that it is the duty of the engineer and fireman to be upon their seats, at their posts of duty, looking ahead, unless otherwise engaged in other duties necessary, ordinary and usual for the running of the engine and cars, or the train." Exception is taken by plaintiff in error to that part of the charge embraced in the last sentence thereof; and we are of the opinion that the court erred in laying down as a principle of law the prop-osition there stated. Whether in the exercise of due diligence, under all the facts and circumstances of the case, it was the duty of the engineer and fireman to be upon their seats looking ahead, unless otherwise engaged in their duties, was a question of fact for the jury to decide, and they should have been permitted to de-cide that very material question unhampered by instructions from

the court in the shape of a hard and fast rule of law. It was the duty of the employees of the railroad company engaged in running the engine at the time it struck the plaintiff Brown, and the horses and wagon belonging to the plaintiff Frye, to exercise the degree of care and diligence imposed upon them by law under the circumstances as they existed at that time, and the court could not properly go further than to submit to them the rule prescribing the degree of care and diligence which should have been observed by these employees; and when it went further and stated broadly that "it was the duty of the engineer and fireman to be upon their seats, at their posts of duty, looking ahead," etc., the court stated absolutely as a rule of law that which might or might not be the law of this case, according to the opinion of the jury as to the existing facts at the time.

4. Another excerpt from the charge is brought under criticism by the motion; it reads as follows: "The burden is upon the plaintiff Brown, in the first instance, to show that he was injured and damaged as he contends, and also upon the other plaintiff to show that his property was injured and damaged as he contends; if they have carried that burden, then the burden would be upon the defendant company to show that it used all ordinary and reasonable care and diligence to prevent the injury and damage to plaintiff." This charge was not error. It merely placed upon the plaintiff the burden, in the first instance, of showing injury to person and property by the running of the defendant's cars in the manner alleged in the declaration, and then instructed the jury that if the injury had been shown as alleged, the burden was shifted to the defendant to show that it exercised all ordinary and reasonable care and diligence to prevent the injury complained of. And such is the law under the Civil Code, § 2780.

5. It is contended that the court erred in the following instructions to the jury: "But you could allow him for the breaking of his arm, if you find that it was broken, and the road liable therefor, and the time he lost on account of the broken arm, and the pain he endured on that account, and the difference between what he would be able to earn but for the broken arm and what he is now able to earn with the broken arm. You would ascertain that as best you can from the evidence, and determine what would be a fair average yearly value of the difference, what he would have

been able to do, and what he is now able to do, and the difference would be the amount. You would ascertain first what would be a fair average yearly value of his services, and then multiply that by the years of his expectancy, how long he would probably live, which you will arrive at from all the facts in the case, and that would give the gross amount, and you will then get the present value of that at seven per cent., and this would be the amount of your verdict for Brown." This charge is criticised on the grounds "(a) because it is not a correct statement of law as to how to ascertain permanent damages; (b) because it fails to call the jury's attention to the contingencies that might or might not happen— the fact of old age coming on, and the decreased capacity of plaintiff to labor—that plaintiff might or might not secure continuous employment, that he might or might not continue in good health." The charge complained of is lacking in completeness and accuracy, under the decision in the case of *Louisville & Nashville R. Co.* v. *Trout,* ante, 324 (75 S. E.), and the decisions in *Central Railroad Co.* v. *Dottenheim,* 92 *Ga.* 425 (17 S. E. 662), *Florida Central &c. Railroad* v. *Burney,* 98 *Ga.* 1 (26 S. E. 730), and *Central Railroad* v. *Thompson,* 76 *Ga.* 707.

6. Complaint is made that the court erred in failing to instruct the jury that if the injury to the plaintiff was the result of an accident, the plaintiff was not entitled to recover. The failure of the court to charge the jury specifically what their finding should be in case they should determine from the evidence that the injury complained of resulted from an accident does not afford a ground for a new trial, in the absence of a written request to charge upon that subject. "An accident, as the term is used in connection with cases of this character, means an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. That the defendant itself is free from fault furnishes it a defense, not that the plaintiff is faultless. Where the judge instructs the jury that if the defendant has used all ordinary care and diligence there can be no recovery, it can not be said to add a distinct and substantive defense to also prove that the plaintiff is free from fault. A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without

fault. It may be proper to give such a charge, if requested, but, being merely elaborative, it does not involve such a distinct defense as to make it error to fail to give it in the absence of a request." *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 563. This rule is applicable also to the ground of the motion for a new trial complaining of the failure of the court to charge the law that "no person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent or is caused by his own negligence."

7. Elaboration of the ruling made in the 7th headnote is unnecessary. *Savannah Electric Company* v. *Bennett*, 130 *Ga.* 597 (61 S. E. 529); *Savannah Electric Co.* v. *Crawford*, Ib. 421 (60 S. E. 1056); *Wrightsville & Tennille R. Co.* v. *Gornto*, 129 *Ga.* 204, 210 (58 S. E. 769).

8. The defendant in the court below requested the court to charge as follows: "The plaintiff Brown being a trespasser, as I have charged you, relative to him the engineer and fireman were not bound to anticipate his presence upon the track and be on the lookout for him, and the duty to exercise ordinary care did not arise until the presence of Brown and the horses became known to those upon the engine; and if you find from the evidence that the engineer, as soon as he saw the objects upon the track, exercised all ordinary and reasonable care and diligence to prevent the injury, then the plaintiffs would not be authorized to recover." The court gave the charge as requested, with the addition of the words, "otherwise they might be." We do not think the giving of the request to charge with the words added by the court was error as against the plaintiff in error. The words added by the court, "otherwise they might be," had merely the effect of referring the jury to the general instructions upon the entire case, and made the question of the defendant's liability referable to his charge in its entirety, without restating all the rules and principles of law which the jury would consider in passing upon the question of plaintiff's right to recover. But if the finding in the case had been in favor of defendant, and the plaintiffs in the court below, the defendants in error here, were challenging this portion of the court's instructions, a very different question would be raised. Inasmuch as the defendant in error is not, as a matter of fact, criticising the court's charge (having prevailed in the trial below),

we merely call the court's attention (as the case is to be remanded for a new trial) to his unqualified instructions that Brown was a trespasser on the tracks of the defendant company. A trespasser is a wrong-doer; and if Brown, without fault upon his part, was thrown upon the tracks of the railway company, could he be a trespasser in the proper and legal meaning of that term?

*Judgment reversed in both cases. All the Justices concur.*