## VAUGHAN *et al. v.* FARMERS AND MERCHANTS BANK.

1. Accommodation indorsers—being mere sureties—on a note in which there is a waiver of homestead, and in which there is concealed usury, of which fact the indorsers are ignorant at the time of indorsing, are, in consequence of their increased risk, discharged from liability on the note; but if they know of the usury, although it does not appear on the face of the note, they do not escape all liability, but may be relieved of usury upon a proper plea. Nevertheless it was inapt for the court to instruct the jury, in charging upon the theory that the sureties knew of the existence of the usury, that they would be "beyond the protection of the law to any degree whatever."

2. The court erred in charging the jury as follows: "The basis of the defense in this case is ignorance during any part of this transaction; because if the indorser becomes aware of the usury in the contract, then his relation to the matter must be one of repudiation. It must be one of denial. He must have nothing further to do with that contract. If he accepts it he is bound by it—bound from the beginning upon the whole contract." This language was open to the construction by the jury that if the indorsers learned of the existence of the usury in the note subsequently to the execution of the same, they would be bound, unless they took steps to repudiate it and to disaffirm their liability on it.

3. Where a promissory note contains a recital of a deposit of collateral security to a certain amount to secure the payment of that note and any other indebtedness of the principal to the payee which exists or may afterwards be contracted, sureties upon the note are not discharged from liability on account of the fact that the collateral is not actually deposited by the principal at the time of the execution of the note, if subsequently the collateral contemplated be deposited in accordance with the stipulation in the note and remain with the pledgee.

4. The charge of the court as to the form of the jury's verdict in this case was insufficient, in that it covered the forms for only two possible verdicts, whereas other verdicts than those covered by these two forms might have been rendered.

OCTOBER 20, 1916.

Complaint. Before Judge Hammond. Forsyth superior court. October 18, 1915.

The Farmers and Merchants Bank brought suit upon a promissory note aganist C. M. Rider as principal, and V. W. Daugherty, J. J. Reid, J. F. Jordan, and W. H. Vaughan, as indorsers. The indorsers filed a plea setting up that there was concealed usury in the note, of which fact they were ignorant at the time of signing; also, that the note recited that collateral to the amount of $2500 was deposited by the maker of the note to secure its payment, and that the collateral referred to was not deposited at the time their signatures were procured, but they signed believing that this recital in the note was true. After the date of maturity of the note the indorsers other than Vaughan executed a note to the bank for $157.87; and it is contended that this was for interest on the note sued on, and showed that more than the legal rate of interest was being charged upon it. Upon the trial the jury returned a general verdict for the plaintiff; and thereupon judgment was rendered in favor of the plaintiff against Rider as principal, and against the other defendants as indorsers, for $1578.78 principal, $102.45 interest, $168.12 attorney's fees, and interest at 8 per cent. from the date of the judgment, with costs of suit. The defendants assigned error on the ground that the judgment was not authorized by the verdict. They excepted also to the refusal of a new trial.

*Henry N. Kirby* and *J. P. Brooke,* for plaintiffs in error.

*Wisdom & Fowler, C. L. Harris, George F. Gober,* and *W. I. Heyward,* contra.

BECK, J. (After stating the foregoing facts.)

1. Error is assigned upon the following charge of the court: "I pause for a moment, to charge you that the law in regard to an indorser avoiding his indorsement on the ground of usury on the note is that he is ignorant of the usury. If he knows of the usury —if his eyes are open to the fact, he has no protection under the law. The law makes his obligation binding when he is conscious of it at the time he signs the note; or if he ratifies it, if he indorses it, if he accepts it after he has signed it, he is equally beyond the

protection of the law to any degree whatever." The parties sued in this case as indorsers were, under the evidence, accommodation indorsers, and their liability was that of sureties on the note; and if they knew that the note contained usury, they would be liable for the principal and ·interest thereon at the legal rate of interest; and probably the court intended the charge quoted above to cover this proposition of law. But the language employed is inapt and somewhat confusing; because it is not true that if these parties indorsed the note, knowing of the usury, they had no protection under the law, and that they were "beyond the protection of the law to any degree whatever." While they would be bound, if they knew that usury was in the note, for the principal and interest at the legal rate, by proper pleading they could be relieved so far as the usury is concerned.

2. The court also instructed the jury thus: "The basis of the defense in this case is ignorance during any part of this transaction; because if the indorser becomes aware of the usury in the contract, then his relation to the matter must be one of repudiation. It must be one of denial. He must have nothing further to do with that contract. If he accepts it he is bound by it—bound from the beginning upon the whole contract." This charge is error. If the defendants indorsing the note were ignorant, at the time they indorsed, of the concealed usury and discovered it afterwards, it would not be necessary for them to take any active steps to repudiate the note or to disaffirm their liability, until sued. They were not bound to act when knowledge of the existence of the usury came to them subsequently to the indorsement of the note; but the jury may have inferred, from the language contained in this charge, that if the indorsers became aware of the usury subsequently to the execution of the note, they should take steps to annul the contract or to disaffirm their liability upon it. The charge, of course, was probably intended to instruct the jury that if the indorsers knew of the existence of the usury at the time of the giving of the note, then they should have refused to indorse it, and that if they did indorse it under those circumstances, they would be bound; but that is not the effect of the language employed by the court.

3. Complaint is made of the following charge of the court: "I charge you that if they knew the collateral was not there, or, I

charge you, if the collateral was, before the obligation fell due, actually put there, and has been there all along with the exception of this first·period of the transaction, that then and in that case the indorsers of the paper would have no· legal defense on that account." In the note is the following stipulation: "Having deposited with said bank the following described property: Collateral notes aggregating $2500.00, as collateral security for the payment of this or any other indebtedness, liability or liabilities of the undersigned to the said bank, due or to become due, or which may hereafter be contracted or existing against the .undersigned or either of them, the liabilities and indebtedness hereby secured and intended to be secured include that of maker, indorser, acceptor, surety, or guarantor, for other as well as for the undersigned or either of them, and on instrument or accounts which may be purchased from others as well as those made to or with said bank, or for the direct benefit of the undersigned or either of them; and this security shall apply to all of the above-mentioned forms of liability or indebtedness, where the maker, indorser, acceptor, surety, or guarantor shall be a firm or a copartnership of which the undersigned or either of them is a member." The undisputed evidence shows that, subsequently to the execution of the note sued on, notes to the amount of $10,000 were deposited with the bank by the maker as security for the note sued on and for other·indebtedness. In view of the stipulations in the note the instruction given was not error.

4. Under the evidence and the pleadings the jury were required to find against the principal on the note, but not required to find against the indorsers; and, moreover, there might have been a verdict against some of the indorsers and not against all of them. Consequently the court should not have charged the jury, in giving instructions as to the form of verdict, that the form should be, "We, the jury, find for the plaintiff," or "We, the jury, find for the defendants," but should have given them instructions covering the various verdicts authorized by the evidence, and should also have instructed them to state in their verdict the amounts found as principal, interest, and attorney's fees, if they should find in favor of the plaintiff.

Inasmuch as the verdict in this case must be set aside for the reasons stated, the judgment also falls; and it is unnecessary to

decide whether or not the exceptions to the judgment were taken within the time prescribed by law.

*Judgment reversed. All the Justices concur.*