### 15103.  CENTRAL OF GEORGIA RAILWAY CO. *v.* DIXON.

STEPHENS, J. 1.  A petition in a suit against a railroad company, for personal injuries, which alleges that the plaintiff, when crossing a track of the defendant company at a public crossing, became suddenly ill and unconscious, and that when he became conscious he found himself about sixty feet from the crossing, upon the side of the railroad-track, suffering from an injury from a passing train, and which describes the nature of his injuries and alleges· negligence on the part of the defendant in failing to keep a vigilant lookout and not seeing him on the railroad-track, and in running the defendant's train over the crossing at a rate of speed dangerous to persons upon the crossing, and other acts of negligence, sets out a cause of action in favor of the plaintiff, and does not show that the plaintiff, by the exercise of due care, could have avoided the injury sustained, or that the plaintiff's injuries were caused by his own negligence.

2. Where the plaintiff predicates his right to recover solely upon the alleged acts of negligence of the railroad company as respects its duty to the plaintiff upon a railroad crossing, and the answer of the defendant is only a general denial of the plaintiff's allegations, it is not error for the court, in the absence of a special request, to fail to give in charge the law relative to injuries to trespassers upon the tracks of a railroad company at places other than public crossings, although the evidence authorizes a finding that at the time of the injury the plaintiff was not upon the crossing, but was elsewhere upon the track of the defendant and was a trespasser. *Ala. Great Southern R. Co.* v. *Brown,* 138 *Ga.* 328 (6, 7) (75 S. E. 330) ; *Savannah El. Co.* v. *Jackson,* 132 *Ga.* 559 (4) (64 S. E. 680) ; *Wrightsville &c. R. Co.* v. *Gornto,* 129 *Ga.* 204 (4) (58 S. E. 769).

3. Where the court instructed the jury that the burden rested upon the plaintiff to establish "the truth of the allegations contained in the petition," a subsequent charge in the language of the Civil Code (1910), § 2780, to the effect that where damage is done by a railroad company the company is liable therefor unless it appears that the company had exercised due diligence, "the presumption in all cases being against the company," which is immediately followed by a charge that if it should appear that the defendant company "inflicted the injury as contended by the plaintiff upon him, then I charge you that a presumption of negligence would arise against the company," is not error as failing to instruct the jury that the presumption of negligence must be limited to the acts of negligence charged in the petition.

4. Where in such a case the court had clearly instructed the jury that if the plaintiff were permanently injured the jury could then use the mortality tables which were in evidence, in determining the amount of the plaintiff's damage should the plaintiff be entitled to recover, it

was not error to fail to charge that if the jury found that the injuries were not permanent, they should disregard the annuity tables. Especially is this omission to charge not error when the court instructed the jury that the use of the mortality tables was not obligatory upon them.

5. An exception to the charge upon the ground that the court "omitted to direct the jury's attention specifically to the fact that, incident to declining years, the plaintiff's capacity to labor or earn money might decrease, and that they should take this into consideration in fixing the amount of damages," is without merit, where it appears from the charge that the court did instruct the jury that "the increasing infirmities of age, with a corresponding diminution of earning capacity, and other causes, may contribute in a greater or less degree to decreasing the gross earnings of a lifetime. In estimating damages, a proper allowance and deduction should be made in favor of the defendant for any diminution in income from labor which would have resulted from any of these sources."

6. The evidence authorized the inference that the plaintiff was injured upon the tracks of the defendant railroad company at a public crossing, and presented an issue of fact, as to whether any negligence of the defendant was the proximate cause of the injury; and, it appearing that the plaintiff's leg was broken, and that he suffered other serious personal injuries, as a result of being hit by a train of the defendant company, the verdict found for the plaintiff was authorized.

           *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

           Decided September 19, 1924.

Action for damages; from city court of Oglethorpe—Judge Greer. October 10, 1923.

*Felton & Felton, H. A. Wilkinson,* for plaintiff in error.

*J. A. Hixon, Gilbert C. Robinson,* contra.