22012. ATLANTA COCA-COLA BOTTLING COMPANY v. HATHCOX.

STEPHENS, J. 1. Where the charge of the court is not specified in the bill of exceptions as a part of the record, but where by affidavit of counsel of record it appears to this court that the charge was written out and approved by the trial judge and ordered filed by the clerk of the trial court as a part of the record, this court, where the charge is a material part of the record necessary to a determination of the errors complained of, will, on motion of the plaintiff in error, allow him to amend the bill of exceptions by so specifying the charge as a part of the record, and will order the clerk of the trial court to transmit to this court a certified copy of the charge as it appears of record. *Kimsey* v. *Rogers*, 166 *Ga.* 176 (142 S. E. 667); Civil Code (1910), §§ 6149 (4), 6188. In *Perdue* v. *State*, 17 *Ga. App.* 299 (86 S. E. 661), *Sovereign Camp Woodmen of the World* v. *McDaniel*, 20 *Ga. App.* 430 (4) (93 S. E. 105), and *Widincamp* v. *McCall*, 25 *Ga. App.* 733 (2) (104 S. E. 642), it did not appear that the charge of the court had become a part of the record. The proposed amendment has been allowed, and a copy of the charge has been ordered sent up.

2. Upon the trial of a case in which the plaintiff sought to recover damages for personal injuries caused by his having swallowed glass contained in a bottle of coca-cola, which it was alleged was due to the negligence of the defendant in bottling the coca-cola and putting the product upon the market with glass in the bottle, where there was evidence that the plaintiff was in bad health, suffering from chronic gastritis and tuberculosis of the lungs and other ailments, a charge of the court that the jury should, in arriving at damages for impaired earning capacity, "determine the plaintiff's present age, how long you think in the course of nature he would have lived but for this injury, if any, if he continued as he was before; and you would determine this by taking into consideration his method of living, his habits and surroundings, so far as disclosed to you by the evidence, and circumstances of his life so far as disclosed, and then say how long you think he would probably live in the course of nature," was erroneous in that it failed to contain an instruction that, in arriving at damages for impaired earning capacity, the jury should take into consideration the condition of the plaintiff's health and any disease, if any there was, with which he was afflicted, and to what extent, if any, such disease might shorten his life. *Central Railroad &c. Co.* v. *Dottenheim*, 92 *Ga.* 425 (3) (17 S. E. 662); *Alabama &c. Railroad* v. *Brown*, 138 *Ga.* 328 (5) (75 S. E. 330); *Western & Atlantic R. Co.* v. *Roberts*, 144 *Ga.* 250 (8) (86 S. E. 933).

3. No other error appears.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 28, 1932. REHEARING DENIED OCTOBER 1, 1932.

*Harold Hirsch, Marion Smith, T. J. Long,* for plaintiff in error.
*Joseph A. Morris, Walter A. Sims, Joseph E. Berman,* contra.