24352.  GAINESVILLE COCA-COLA BOTTLING COMPANY
*v.* STEWART.

DECIDED APRIL 9, 1935.

*T. J. Long, Sloan & Whelchel, Harold Hirsch, Marion Smith,* for plaintiff in error.
*R. W. Smith Jr., Wheeler & Kenyon,* contra.

JENKINS, P. J. ■ The general grounds of the defendant's motion for a new trial are not argued or insisted upon. Where the amount of a verdict is attacked merely for excessiveness, and not for the inclusion of some calculable amount definitely ascertainable from the undisputed evidence, and the verdict has been approved by the trial court, it will not be set aside unless the amount is so excessive as to manifest undue bias or prejudice, gross mistake, or improper motive, on the part of the jury. *Metropolitan Life Ins. Co. v. Lovell,* 50 *Ga. App.* 763 (179 S. E. 253). It can not be said that the verdict for $2000 in favor of the plaintiff on account of alleged pain and suffering, medical expenses,

and impairment of earning capacity, from drinking the beverage in a bottle containing a foreign object, was so excessive as to require a new trial, or was unauthorized under the conflicting evidence with regard to the nature and permanence of the injuries.

■ The charge as to the future impairment in earning capacity of the plaintiff was not subject to the exception that it erroneously excluded from the consideration of the jury evidence as to the plaintiff's suffering from a previously existing stomach trouble, as an element in decreasing his life expectancy and earning capacity. Where the evidence shows that one at the time of his alleged injury from the negligence of another was suffering from a disease or the effects of a previous injury, which itself would tend to shorten life or diminish earning capacity, it is generally error to charge the usual rule of damages as to the loss or reduction of earning capacity without any reference to the existing affliction and its future effect. *Central R. Co.* v. *Dottenheim,* 92 *Ga.* 425 (3) (17 S. E. 662); *Ala. R. Co.* v. *Brown,* 138 *Ga.* 328, 332 (75 S. E. 330); *Atlanta Coca-Cola Bottling Co.* v. *Hathcox,* 45 *Ga. App.* 822 (2) (165 S. E. 902). It must, however, appear that the disease or the effect of the previous injury in fact existed after the injury by the defendant, and was of a nature sufficient to affect the duration of life or the earning capacity. In the instant case the evidence in question was from witnesses working on previous building jobs with the plaintiff, one of whom stated that prior to 1930 the plaintiff complained to him of an "ulcerated stomach;" another that in 1929 or 1930 the plaintiff complained to him on one occasion of "stomach trouble," and he thought that the plaintiff left the job, and he saw the plaintiff vomiting; and a third witness, that at some unstated time before 1932 he had "heard plaintiff complain of his stomach and seen him drink soda and coca-cola, and he said he had stomach trouble." The alleged injury from drinking the defendant's beverage occurred on April 25, 1932. The charge as to the future impairment in earning capacity was given at the trial on January 16, 1934. This indefinite testimony, which was denied by the plaintiff and other impeaching witnesses, failed to indicate that the prior stomach trouble of the plaintiff, whatever its actual nature, either existed at the time the beverage was drunk or continued to the time of the trial, or that it was of such a character as would continue to

exist until the latter date, so as to impair the future earning capacity. For this reason, the court did not err in failing to charge as to the effect of the testimony stated, especially in the absence of proper request. Moreover, even if the testimony were sufficient to have invoked the rule contended for, the charge did not exclude it from consideration, since the judge told the jury to "look to the evidence to see whether or not *the alleged injuries of the plaintiff will decrease his ability to labor in the future,*" that they should "see how long his disability will continue, if it exists, and to what extent it will exist," and that in considering the question as to his length of life, they should consider not only his age, habits, method of living, and the fact that men rarely work through life without a loss of time on account of sickness or unemployment, but also *"all the attendant facts."*

■ "A charge which is abstractly correct is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Winn* v. *Bridges,* 144 *Ga.* 497 (3) (87 S. E. 665); *Hattaway* v. *Dickens,* 163 *Ga.* 755 (137 S. E. 57); *Van Dyke* v. *Van Dyke,* 31 *Ga. App.* 67 (119 S. E. 436). There is therefore no merit in the exception to the instruction on the law of permanent injury and impairment of future earning capacity, which in itself was not erroneous, upon the ground that the court failed to charge in connection therewith or elsewhere the measure of damages applicable if the jury, under the evidence, found that the injury was temporary rather than permanent. Moreover, from an examination of the charge it appears that the court in fact submitted the question of allowing the items claimed for temporary disability, including the cost of medical treatment and an amount for pain and suffering, past as well as future, and correctly stated the rule therefor, to which no exception was taken.

■ In *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 107, 110 (43 S. E. 443), the Supreme Court in defining the maxim res ipsa loquitur quoted with approval the language of the leading case of Scott *v.* London &c. Co., 3 Hurl. & C. 596, as follows: "There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the de-

fendant, that the accident arose from want of care." When that case came again before the Supreme Court (*Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837, 843, 47 S. E. 330), it was said: "The maxim res ipsa loquitur is simply a rule of evidence. The general rule is that negligence is never presumed from the mere fact of injury, yet the manner of the occurrence of the injury complained of, or the attendant circumstances, may sometimes well warrant an inference of negligence. It is sometimes said that it warrants a presumption of negligence; but the presumption referred to is not one of law but of fact. It is, however, more correct and less confusing to refer to it as an inference rather than a presumption; and not an inference which the law draws from the fact, but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw." See also Code of 1933, § 38-123; *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (1, 2) (102 S. E. 542) ; *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (2) (154 S. E. 385) ; *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (160 S. E. 105) ; in which cases these principles were restated and applied to questions of negligence in allowing deleterious foreign objects or ingredients to enter a bottled drink. In the instant case the court did not err in charging substantially the language quoted in the first *Chenall* case, where it also charged the rules stated in the second case, and that there was no absolute legal presumption of negligence against the defendant, but the burden was on the plaintiff to prove that the defendant was negligent as charged; that it was for the jury themselves to say whether, under all the facts and circumstances, they would infer negligence in the matter complained of; that it was for them to determine as to the truth and application of the maxim of res ipsa loquitur; that they were not required, under the law, to draw an inference of negligence from the mere fact of the occurrence; that, if they should draw the inference of negligence, it was still their duty to make the further inquiry as to whether this had been overcome by satisfactory explanation from the defendant; and that, notwithstanding an inference of negligence, if there was evidence that the occurrence was brought about by any cause other than the negligence of the defendant, the inference would be overcome, and the jury should find in favor of the defendant. These instructions were clear, fair

to the defendant, and not subject to the exception that the charge as to the inference authorized under the doctrine of res ipsa loquitur stated an opinion on the facts, or that proof of certain facts would require the inference of negligence as to the ultimate fact in issue, in contravention of the rule in the Code of 1933, § 81-1104. See *Snowden* v. *Waterman*, 105 *Ga.* 384, 390 (31 S. E. 110) ; *Phillips* v. *Williams*, 39 *Ga.* 597, 602.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*