36854. DANIEL *v.* ROBINSON *et al.*

DECIDED SEPTEMBER 12, 1957.

*Murphy & Murphy, Thomas B. Murphy, James R. Murphy,* for plaintiff in error.

*D. B. Howe, Harold L. Murphy,* contra.

QUILLIAN, J. 1. Special ground 2 of the amended motion for new trial assigns error on the following charge: "I charge you further, gentlemen, that the burden is upon the plaintiff to prove her case in either instance, by a preponderance of the evidence. If, after you consider all the facts and circumstances of the case, you find that the plaintiff has not carried the burden as provided by law and according to the rules which I have given you in charge, and the evidence, then it would be your duty to return a verdict for the defendant, upon the rules and in the various instances which I have given you in charge. If, however, you find that she has carried the burden, and that she is entitled to a verdict under either one of these theories which I have stated to you with reference to the two lines, and the property below the hedgerow, then it would be your duty to return a verdict for her, and in either event you would express the verdict in dollars and cents, and the form of your verdict, if you return one for the plaintiff, would be, 'We the jury find for the plaintiff and against the defendant, naming him, so many dollars and so many cents.' If you find for the defendants, the form of your verdict would simply be, 'We, the jury find for the defendant, naming him, or either of them.' I have given you the various forms of verdict which you might return in the case."

Where an action for damages is brought against two defendants jointly for an alleged trespass upon the property of the plaintiff, the jury may return a verdict against both defendants for the greatest damage done by either. The jury may also return a verdict which specifies the particular damage to be recovered of each, and the verdict must in such case be entered severally. *Ivey* v. *Cowart,* 124 *Ga.* 159 (52 S. E. 436, 110 Am. St. R. 160); *Fender* v. *Gardner,* 153 *Ga.* 460 (112 S. E. 368); Code § 105-2011. The above quoted charge was confusing and misleading to the jury in that it did not instruct them that they were authorized to return a verdict against both defendants, but led them to believe they should find against only one of them.

2. Special ground 3 assigns as error the failure of the trial

judge to instruct the jury that they would be authorized to return a verdict against both defendants. This ground is meritorious for the reasons set forth in division 1 of this opinion.

3. Special ground 1 complains of the following charge: "It is admitted and stipulated by the parties in the case that Mrs. Daniel owns lot of land No. 1194, that is not controverted by the defendant. It is also admitted and stipulated in the case that Mr. Robinson owns lot of land Number 1175. The question for you, madam and gentlemen, to determine is where the dividing line between these two lots as contended by the plaintiff and the defendants really is. For sake of convenience, I shall refer to the line as contended by the plaintiff as the Knight line. This is the line run by Surveyor Knight, a witness in this case, and contended by the plaintiff as the true line dividing the two lots, that is, lot No. 1194 and Lot No. 1195, and Robinson as the hedgerow line, which is the line that he contends is the true dividing line between the two lots, that is, 1175 and 1194."

The plaintiff contends that the trial judge expressed an opinion that there was a hedgerow growing on the property in question, which was a question of fact for the jury's determination. With this contention we do not agree. The trial judge used the term for the purpose of identifying the line which the defendants contended was the true dividing line between the property of the plaintiff and the defendant, Robinson. Considering the charge as a whole the jury could not have been confused or misled by the use of this term by the trial judge. Special ground 1 is without merit.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*