## 48680. NOWLIN v. AUTO-CORD, INC.

PANNELL, Judge. This case concerns the attempted purchase of a tract of land in Cobb County, Georgia. Both parties admitted to an oral agreement to sell, but differed as to whether $7,750 was paid by the plaintiff as earnest money returnable upon rejection of a written contract, or as option money and non-returnable. In the latter case, a balance of $2,250.00 was due to the defendant. *Held:*

Defendant enumerated that the trial court erred in failing to instruct the jury as to the third form of verdict, i.e., that if the jury found that neither party had carried the burden of proof, they should find for the defendant. We disagree. The evidence of record established a simple factual issue for the jury's determination. If they believed that the plaintiff established that the sum of $7,750 was earnest money, then the plaintiff could recover. Contra, if they found that it was option money, then defendant was entitled to an additional $2,250, as counterclaimed, defendant already being in possession of plaintiff's $7,750. In short, as urged by the defendant, the jury as a third alternative could give the defendant a $7,750 windfall if they could not resolve the factual issues presented. We agree with the trial judge when he declined "to allow that confusion to result." The instructions as to possible verdicts were the ones authorized by the evidence and the trial judge gave proper instructions as required. *Vaughan v. Farmers &c. Nat. Bank,* 146 Ga. 51 (90 SE 478); *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 57 (126 SE2d 432); *Dixie Ohio Express v. Brackett,* 106 Ga. App. 862, 872 (128 SE2d 642).

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 9, 1973 — DECIDED JANUARY 24, 1974 — REHEARING DENIED FEBRUARY 12, 1974.

*Downey & Cleveland, Lynn A. Downey,* for appellant.
*Cofer, Beauchamp & Hawes, Peter B. Glass,* for appellee.