## DICKSON *v.* BURWELL.

1. A motion to dismiss a bill of exceptions because the assignments of error made
do not plainly specify the errors alleged will not be sustained unless every
assignment made is subject to such objection.   This court will not consider
any assignment which does not plainly specify the alleged error.   The mo-
tion to dismiss in this case is overruled, because the bill of exceptions con-
tains some assignments of error properly made.

2. The backing of an execution from a justice's court, required to be made be-
fore it can be levied on property in a county where not issued, is the indorse-
ment by a justice of the peace of the latter county of his official signature on
the execution.

3. There was no error in directing a verdict finding the property subject.

Submitted March 2, — Decided March 27, 1901.

Levy and claim.   Before Judge Reese.   Hancock superior court.
February 7, 1900.

*Hunt & Merritt,* for plaintiff in error.
*William H. Burwell,* contra.

LITTLE, J.   An execution issued from a justice's court in Rich-
mond county in favor of James A. Harley against Emma P. Burge.
After an entry of nulla bona in Richmond county, the execution

was levied on lands in that county, which levy was subsequently dismissed. Following the entries showing these proceedings was the following: "R. H. Thomas, N. P. & Ex-Off. J. P., Hancock County, April 19th, 1899." On the fi. fa. also appeared an entry of levy made on land in Hancock county, June 12, 1896, and a dismissal of that levy, July 8, 1896; and also the transfer and assignment of the fi. fa. and judgment on which it was founded, made by Harley to W. H. Burwell, September 15, 1898. There was also an entry of a levy on land in Hancock county, dated November 18, 1898, and an entry dismissing the same on April 18, 1899, because the levy was made before the fi. fa. was *backed.* Under date of April 20, 1899, there was an entry of no personal property, made by a constable of Hancock county, following which on the same day was an entry of a levy upon certain land in Sparta, Hancock county. To this land a claim was interposed by Dickson, and issue having been joined, it was tried at the February term, 1900, of the superior court of Hancock county. It appears from the evidence that the claimant's title to the land levied on rested on a deed of conveyance made to him by Emma P. Burge in July, 1896. On the trial the claimant testified that Burwell, transferee, brought him the deed from Mrs. Burge, and that he paid him for the land at the time by a draft, and that Burwell represented that it was all right and everything was perfectly good. It appears also from the evidence that J. M. Rogers was in possession of the land at the time of the levy, and had been for over twenty years. He testified that, previously to the execution of the deed to claimant, proceedings to partition certain property were had, and the land conveyed was the particular interest in the whole which was recovered by Mrs. Burge; that subsequently she brought an action of ejectment against witness to recover the part awarded to her, but that a settlement was made, and the witness lacked some money to finish paying Mrs. Burge for her interest, and that claimant agreed to lend him the necessary amount to do so and take a deed from Mrs. Burge. It was under these circumstances that the title to Dickson was made. This witness also further testified that this was previous to the transfer of the execution to the defendant in error, and at the time the arrangement was made by which Dickson was to lend him the money to pay to Mrs. Burge it was with the knowledge of the transferee, and the money went through his hands; and that the transferee told

the witness, when the money was gotten from Dickson, that there was no other claim on the property, and that the fi. fa. levied had no more bearing on the property, and made other statements to him of like effect at the time of the conveyance of the land to the claimant. Mr. Burwell, the transferee, was also a witness in the case, and gave an entirely different version of what transpired between himself and Rogers from what was testified to by the latter; but, because of the view we take of the case, it is not necessary to set out more of the evidence. At the conclusion of the evidence the trial judge directed the jury to return a verdict finding the property subject, to which ruling and direction the claimant excepted.

1. On the call of the case in this court a motion was made to dismiss the writ of error, because it contained no clear and specific assignment of error as required by law. We overrule the motion to dismiss the writ of error, because on inspection we find that the bill of exceptions contains some assignments plainly specifying the alleged error. We would like here to suggest that a writ of error will not be dismissed on this ground, whenever it appears that an assignment of error has been properly made, notwithstanding there are others which are objectionable. The better practice, unless all the assignments are amenable to the same objection, is to call attention to the assignments which do not specifically allege error, in the brief or oral argument, accompanied with a suggestion that such be not considered. In any event this court will, when it has a case under consideration, decline to consider any exception not properly made.

2. After issue had been joined, and before the case proceeded to trial, the claimant moved to dismiss the levy, because the execution issued from a justice's court of Richmond county and was not properly backed before nulla bona was entered in Hancock county. It is provided by section 4160 of the Civil Code, that if any person, after suit against him in a justice's court, shall move from the particular district in which he resided, and judgment be rendered against him, or if after judgment in such court he shall remove out of the district, or when he holds property in a different district or county, the execution issuing on the judgment, having been "backed" by any justice of the peace of the county where the defendant resides or his property may be found, may be levied by any constable in that county. In this case, as will have been seen, the

backing by the justice was in the following words written on the back of the execution: "R. H. Thomas, N. P. & Ex-Off. J. P., Hancock County, April 19th, 1899." It is contended that this is not such an entry or backing as authorized a levy of the execution by a constable on property in Hancock county. Certainly it is not in the usual form heretofore generally practiced in this State. That prescribed by Mr. Cobb in his Statutes and Forms contains a direction, to any lawful officer in the county where the execution is backed, to execute and return; but on examination we have failed to find that any particular form is prescribed to be used in this State. Our statute simply declares that the execution shall be "backed," and we have had some difficulty in arriving at a conclusion as to what is a sufficient backing to authorize the officer in a county different from that in which the judgment was rendered to proceed to execute it in that county. The earliest reference which we find in our statutes to the backing of executions from justices' courts is in the 12th section of an act to amend the judiciary act of this State, approved December 14, 1811. Cobb's Digest, 638. The same provision above cited from the Civil Code is substantially there enacted, but no form or direction as to what shall constitute a proper backing is there given. The words of the act of .1811 have been incorporated in the various codes of laws adopted by this State.

Going back to a still earlier date, we find that Mr. Blackstone, in the fourth book of his Commentaries, *292, in discussing "backing" warrants issued by justices of the peace, says: " A .warrant of a justice of the peace in one county, as Yorkshire, must be backed, that is, signed by a justice of the peace in another, as Middlesex, before it can be executed there. Formerly, regularly speaking, there ought to have been a fresh warrant in every fresh county; but the practice of backing warrants had long prevailed without law, and was at last authorized by statute 23 George II, c. 26, and 24 George II, c. 55." Referring to the statute 23 George II, we find that it is provided that in case any person against whom a warrant shall be issued by any justice of the peace in the county, division, etc., shall go into, reside, or be ·in any other county, division, city, etc., out of the jurisdiction of the justice granting the warrant, " it shall and may be lawful for any justice or justices of the peace of the county,  .  . division, city,  .  . where such person shall

. . go into, reside, or be, and such justice or justices is and are hereby required, upon proof being made upon oath of the handwriting of the justice or justices granting such warrant, to *endorse his or their names* on such warrant, which shall be a sufficient authority to the person or persons bringing such warrant, and to all others to whom such warrant was originally directed, to execute such warrant in such other county, . . division, city," etc. Schley's Digest, 380. Mr. Pomeroy in his notes to the first volume of Archbold's Criminal Practice and Pleading (8th ed.), 113, after a citation as to the requirement of "backing" warrants under the statutes of the different States, says : "Within the strict letter of the foregoing statutes it does not seem necessary that the justice should write anything upon the warrant except his *name*, not even his addition of justice of the peace. Upon principle, however, and in analogy to the formalities required in issuing original process, an indorsement of this nature, which is to give the process new vitality, ought to show upon its face that it was made by a person having authority to make it, in order to justify the officer in executing it;" and for the law in force in this State he cites Hotchkiss, Statute Law of Georgia, 776, which upon reference we find contains the act of Parliament in the reign of George II, set out above, as the law of this State as to backing warrants, from which it appears that an endorsement of his name on the warrant by the justice of the peace gives sufficient authority for its execution in the county of the justice so endorsing it. The authorities above referred to are in terms applicable to criminal warrants issued by a justice of the peace, which are sought to be enforced in a county other than that where issued, but they give us the history and definition of the term "backing" by a justice of the peace, to which reference is made by our statute. It must, therefore, be ruled that the backing to which objection was made in this case sufficiently met the requirements of law.

3. Certain exceptions were made to the admission of evidence, but, as the assignments do not clearly and distinctly point out the alleged errors, they can not be considered. The only remaining question for our decision is whether the trial judge erred in directing the jury to return a verdict finding the property subject. It is contended that a verdict for the claimant was demanded by the evidence. We think not. It was undisputed that the title to the land

7

levied on was originally in Mrs. Burge. Harley obtained his judgment against her in February, 1896. Her deed to the claimant was executed in July, 1896. Clearly, then, the plaintiff in execution had a lien on the land at the time it was conveyed to the claimant. It is insisted, however, that the transferee of the execution is estopped from enforcing its collection by a sale of the land in the hands of the claimant; but the evidence does not bear out this contention. It must be remembered that Rogers was not the grantee of Mrs. Burge, nor was he a party to the case which was tried; nor do we understand from the record that, at the time of his conversation with Burwell, the transferee, Rogers directly or indirectly represented Dickson, the purchaser. We do infer, and it is only an inference, from the general scope of the evidence of Rogers, that Dickson held the title as a security for the money which he, Dickson, paid Mrs. Burge for the land at Rogers' request. There was apparently no attempt to show that Rogers had any connection whatever with the title of this property. And the question is not whether Burwell would be estopped from enforcing his execution against the land as the property of Rogers, but whether he is so estopped as against Dickson, the claimant. We are free to say that if Rogers had been the claimant holding title to the land, we should feel inclined to rule, because of the conflict in the evidence as to the representations of the transferee that the title of the land was clear, that the case should have been submitted to the jury for their determination. But certainly there is nothing which would estop the transferee from enforcing the collection of his execution against the land in the hands of the claimant. Rogers does not testify that these representations were made to the claimant, but to him. Dickson testifies only to the fact that Burwell brought him the deed from Mrs. Burge, and that he paid Burwell, on delivery of the deed, by a draft. He was doubtful about taking the title, and told the transferee that he would never get anything out of it; but was assured that it was all right, and that everything was perfectly good. Certainly, so far as the evidence shows, the title to the land was in Dickson. While so, it was subject to the lien of a prior judgment. The evidence of Dickson as to the representations made by Burwell, the transferee, was too general to create any estoppel so far as he is concerned, and Rogers' connection with the title not being in any way shown by the record, a verdict finding the property subject

was demanded, and there was no error in directing such a verdict to be rendered.

The assignment of error to the ruling of the trial judge in directing the jury to find a verdict for the plaintiff was pertinent and legal, under the authority of *Phillips* v. *Southern Railway Co.*, 112 *Ga.* 197. *Judgment affirmed. All the Justices concurring.*