24986. MEUNIER *v.* BECK & GREGG HARDWARE COMPANY *et al.*

Decided October 22, 1935.

*Price Edwards,* for plaintiff in error.
*Boykin & Boykin,* contra.

Guerry, J. In June, 1934, Beck & Gregg Hardware Company foreclosed a mortgage given to it in 1926 by W. A. & F. H. Miller, who were operating the Tallapoosa Hardware Company. The mortgage covered the stock of goods in the Tallapoosa Hardware Company. In August, 1934, F. V. Meunier foreclosed a laborer's lien against W. A. Miller, who operated the business, for services alleged to have been performed by him as a laborer for the firm. Both fi. fas. were levied on the stock of goods covered by the mort-

gage and on certain described lumber. Upon a sale by the sheriff the stock of goods brought $1000 and the lumber $450. Beck & Gregg Hardware Company brought a rule against the sheriff to distribute the money. Meunier and the City Supply Company intervened in the money-rule proceeding. The City Supply Company asserted its claim by reason of a bill of sale of the lumber, executed to it by the Tallapoosa Hardware Company. Beck & Gregg Hardware Company filed a traverse of the laborer's lien claimed by Meunier, on the grounds that he was not a laborer within the meaning of the law, and that he had been fully paid for all services rendered to the Tallapoosa Hardware Company. An issue was formed on this traverse, and after introduction of evidence the court directed a verdict in favor of Beck & Gregg Hardware Company and against Meunier. A judgment was entered, decreeing in favor of the claim filed by City Supply Company, and awarding the remainder of the money to Beck & Gregg Hardware Company. Meunier made a motion for new trial on the general grounds alone.

The plaintiff in error insists that there was sufficient competent evidence to sustain a finding in his favor; and with this we are inclined to agree. However, no error is assigned on the court's direction of the verdict, on the specific ground that there was an issue of fact that should have been submitted to the jury, and that for this reason the court was without authority to direct a verdict. In *Cole* v. *Illinois Machine Co.,* 7 *Ga. App.* 338 (66 S. E. 979), it was said: "This court has no authority to decide whether the trial court erred in directing a verdict, when there is no specific assignment of error, either pendente lite, in the motion for a new trial, or in the bill of exceptions, made upon such direction." See also *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173). And where the only assignment made is "that the verdict is contrary to law and without evidence to support it," no specific assignment of error on the direction of the verdict is made. *Moody* v. *Southern Ry. Co.,* 14 *Ga. App.* 259 (80 S. E. 911). As was said in *Bosworth* v. *Nelson,* 172 *Ga.* 612, "An assignment of error complaining that the court erred in directing a verdict is insufficiently specific to present to this court the question whether the court erred in directing a verdict, unless it is alleged that the court erred in directing the verdict because there were issues of fact

which should have been submitted to a jury and evidence introduced which would have authorized a jury to find a different verdict from that directed by the court." See also, *Manning* v. *Gettys*, 48 *Ga. App.* 203 (172 S. E. 571); *Cody* v. *Citizens & Southern National Bank*, 50 *Ga. App.* 210 (177 S. E. 513); *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 668 (146 S. E. 473). The only question before this court, therefore, is as to the sufficiency of the evidence to support the verdict. There was some evidence to show that the plaintiff's occupation was that of clerk in the hardware store, and that for many months preceding the closing of the store, and when Mr. Miller was absent, he had entire control of the affairs of the store; and while the evidence would tend to show that some of his duties called upon him for actual physical labor, as was said in *Howell* v. *Atkinson*, 3 *Ga. App.* 58 (59 S. E. 316), "a clerk in a mercantile establishment is not a 'laborer' in the sense in which that word is used" in the Code, "even though the proper discharge of his duties may include the performance of some amount of manual labor."

2. The City Supply Company filed a motion to dismiss the writ of error, on the ground that it was not made a party to the motion for new trial, and was not made a party to or served with the bill of exceptions, and had not acknowledged or waived service thereof. When the verdict on the issues formed as to whether Meunier was a laborer, or had been paid, had been rendered, the court passed an order directing that the City Supply Company be paid $172.45, and that the remainder of the money in the sheriff's hands be paid to the Beck & Gregg Hardware Company. The certified bill of exceptions states that "Other parties named in said rule, except F. V. Meunier, are not now interested in the litigation of said case." The brief of evidence, agreed to by counsel for Meunier and Beck & Gregg Hardware Company and approved by the trial judge, recites "that the only parties now interested in this case are Beck & Gregg Hardware Company and the intervenor F. V. Meunier, the other parties to the record having been settled with, and are not now interested in this litigation." It appears from the record that the City Supply Company held a properly recorded bill of sale to the lumber levied on, and that there was a balance due thereon of $172.45. The court directed that this sum be paid to City Supply Company, and the record shows that it has

been paid. The judgment in its favor would stand, regardless of the outcome of the controversy between the parties to this case. Its recovery could not be affected by a reversal of the judgment. Its superiority in claim to the parties to this case is not attacked or disputed. We think that its motion to dismiss the writ of error on the ground that it was a necessary party to the bill of exceptions is clearly without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*