BALLARD *v.* HARMON (two cases).

Nos. 15450, 15463.  May 9, 1946.  Rehearing denied June 6, 1946.

*R. R. Forrester* and *Farkas & Burt,* for plaintiff in error.
*Hoyt H. Whelchel,* contra.

JENKINS, Presiding Justice. (After stating the foregoing facts.) Any reversal of the judgment confirming the sale would, to all intents and purposes, destroy the force and effect of the final decree ordering the sale, and vice versa, and therefore the question involved in each bill of exceptions applies with equal force to the other. The question, therefore, is whether the insurance company as intervenor has any interest in sustaining the decrees as rendered. If the auditor and the judge were wrong in .treating the equity in the land as a partnership asset, and administering it as such, then the receiver should have been directed to let it alone, and should not have rented it; nor should he, from partnership funds coming into his hands, or from the rental income derived from non-partnership property, have concerned himself with the payment of debts other than partnership debts; and this is true despite the prayer of the intervenor to the contrary, and despite the fact that the amount and validity of the intervenor's claim was not in dispute, and even though it may further appear that the receiver had more than ample funds to discharge all indebtedness, either excluding or including the intervenor's claim, and either excluding or including the funds derived from the sale of the land. Whether or not—in view of the undisputed facts as shown by the stipulation with re-

spect to the amount and priority of the intervenor's claim for unpaid principal and interest on the purchase-money—the orders of the court excepted to should be reversed, insofar as the adjudicated amount of the intervenor's claim is concerned, if the contention of the plaintiff in error should be adjudged correct, would present a question of some difficulty. See *Meunier* v. *Beck & Gregg Hardware Co.,* 52 *Ga. App.* 30 (182 S. E. 58) ; *Chicago Building &c. Co.* v. *Buller,* 139 *Ga.* 816 (78 S. E. 244). However, it was the plaintiff in error's unsuccessful contention in the court below— and should the case be reversed, presumably it would continue to be his contention—that he, Ballard, had become the sole owner of the land subject to the rights of the intervenor; and it was his prayer that the intervenor be directed to execute a deed to Ballard alone upon the extinguishment of its claim. This would seem to affect, and alter the status of Ballard, the plaintiff in error, Harmon, the defendant in error, and the intervenor, under the contract of sale ; and, for that reason, it would not seem correct to say that the rights and status of the intervenor would be unaffected by the attack made on the decree. Especially would this seem to be the case, where the intervenor was made a party at the request of both the original parties to the suit, and where the decree embodies an award to the intervenor of $250 for attorney's fees, incurred in connection with its intervention, in which it successfully sought to have its rights adjudicated. As the case now stands under the decree, the amount of the intervenor's claim and *who owes it,* as well as the *expense* which the intervenor has incurred in the present case, has been solemnly adjudicated. If the decree should be set aside, the latter two, at least, of these three propositions would be reopened for future litigation to which the intervenor remains a party. This being true, the intervenor should have been made a party defendant in the exceptions taken attacking the decrees; and, since no acknowledgment of service by the intervenor appears, and nothing else appears which could amount to a waiver (Code, § 6-912; *Craig* v. *Webb,* 70 *Ga.* 188 (2) ; *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838), of his being named a party defendant, the motions to dismiss both bills of exceptions must be granted.

*Writs of error dismissed. All the Justices concur.*