## 38482. SALEM v. SAMUEL.

CARLISLE, Judge. 1. In a court of record, what the judge thereof orally announces to be his judgment on any issue presented for his decision and requiring the entry of a judgment thereon is, until put in writing and entered as such, no judgment at all. *Pulliam v. Jenkins*, 157 Ga. 18, 22 (121 S. E. 679); *McRae v. Smith*, 164 Ga. 23 (7) (137 S. E. 390); *Construction & General Laborers Union Local No. 246 v. Williams Const. Co.*, 212 Ga. 691 (1) (95 S. E. 2d 281). Accordingly where a judge of the superior court orally announces that he sustains an oral motion to strike certain portions of the plaintiff's petition alleging negligence on the part of the defendant, but where no such judgment is ever written out and signed by the trial judge, such announcement is wholly ineffectual to strike the portions of the pleadings thus referred to. No such judgment striking the portions of the pleadings having been entered it was not error for the judge thereafter to charge the jury so as to submit to them the issue of whether or not the defendant was guilty of the negligence charged in the portions of the petition which he had previously orally announced were stricken.

2. Under the foregoing ruling, it was not error for the trial judge to refuse to give a written request to charge, which in

effect would have withdrawn from the jury's consideration the allegations of negligence charged in the portions of the plaintiff's petition referred to in the defendant's oral motion to strike and in the judge's oral announcement sustaining that motion.

3. The only other special assignment of error in the bill of exceptions is to a judgment of the trial court overruling and denying the defendant's oral motion in the nature of a general demurrer to strike certain portions of the plaintiff's petition. The record, as transmitted to this court, contains no order or judgment in writing overruling the motion to strike, and the clerk of the trial court in response to an order of this court certifies that no such judgment in writing appears of record in the trial court. Accordingly, under the principles of law announced in the first headnote, this exception presents no question for decision by this court.

4. With respect to the issue of liability on the part of the defendant, it is sufficient to say that the evidence authorizes the verdict against him. Even if it be said that the evidence demanded a finding that the plaintiff's automobile crossed the center line of the road prior to the collision and was over the center line at the time of the collision, such fact would not absolutely bar the plaintiff from a recovery if the evidence otherwise showed negligence on the part of the defendant proximately contributing to the plaintiff's injuries. The evidence showed that the defendant was operating a pickup truck with a steel structure extending some $8\frac{1}{2}$ to 12 inches beyond the body on the left side thereof, and with which he was unfamiliar, along a busy thoroughfare, and that he so drove the truck as to cause this structure to strike the plaintiff's arm which was extended out the window of the plaintiff's automobile, inflicting the injury sued for. The jury were authorized to find under the evidence that the defendant, under the circumstances shown, was guilty of at least some of the acts of negligence charged in the petition, and that these acts of negligence were at least a contributing proximate cause of the plaintiff's injuries. It follows that the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

DECIDED OCTOBER 26, 1960—REHEARING DENIED
NOVEMBER 10, 1960.

*T. J. Long, Ben Weinberg, Jr.*, for plaintiff in error.
*Cook, Llop & Long, Nick Long, Jr.*, contra.