## 66339. CANNON v. THE STATE.

BIRDSONG, Judge.

Donnie Ray Coleman was convicted of burglary. He enumerates six alleged errors below. *Held:*

1. Appellant contends he was prejudiced by the trial court's

refusal to permit him to impeach the state's witness by proving that she was on probation for a drug offense and thus had reason to be intimidated into testifying for the state. See *Hines v. State,* 249 Ga. 257 (2) (290 SE2d 911). There is no merit in this contention. The appellant attempted to inquire into the circumstances of her offense, which were irrelevant to the object of the impeachment inquiry. The trial judge stated that he would allow appellant to inquire only whether the witness had entered a plea of guilty and whether she had an attorney. The appellant did not at any time state that he wished to examine as to possible "intimidation." He was not impliedly threatened by the court in the manner of *Sawyer v. State,* 161 Ga. App. 479 (288 SE2d 108), so as to excuse his failure to make the proper objection and offer of proof. He did not perfect his objection and proffer at anytime during the course of the trial. When the parties had rested, the appellant then informed the court that he believed he should be allowed to argue to the jury that the witness was on probation and subject to the state's influence on her testimony. The trial court permitted the conviction and sentence of probation to go out with the jury and expressly granted the request of appellant's attorney that he could argue to the jury that the witness "would say whatever the state wanted her to say because she was under probation."

Thus, the record shows that the trial court did not specifically refuse a proper request to permit appellant to cross-examine the witness on the effect her probation status may have on her testimony and that the appellant did not properly object and advise the court that this impeachment was what he wished to achieve.

2. The trial court did not fatally infect his charge to the jury and prejudice appellant's impeachment rights by giving the charge that the state's witness did not have a criminal record. In fact, the judge charged: "Now, as has been brought out by the attorneys Ms. Diane Dial [the state's witness] testified as well as other witnesses, and I charge you now what it is to impeach a witness. . . . That a witness is unworthy of belief and his or her testimony thus discredited may be established by one of three ways: First, disproving the facts testified by him or her. Second, by proof of contradictory statements previously made by him or her on matters relevant to his or her testimony in the case, or three, proof of his or [her] conviction of a felony.

"Now, Defendant's Exhibit 1 is evidence of a conviction of a felony; however, as you will see, it says it's to be treated as a first offender, which simply means that if Ms. Dial serves out her time on probation, has no further offenses, then she would not have a criminal record and there would be no evidence of a conviction."

This charge was in fact favorable to the appellant in that it impliedly singled out the state's witness as having been inferably impeached by proof of her criminal conviction, and did not even mention defense witnesses who had arguably been impeached by proof of contradictory statements. The judge specifically pointed out Ms. Dial's criminal conviction and sentence of probation. The remark that if Ms. Dial served out her first offender status and had no further offenses while on probation, "there would be no evidence of conviction" was, if anything, unnecessary. Even so, it was helpful to the appellant's theory of impeachment by implying that the witness had advantage to gain by testifying for the state, and it did not inform the jury that she had not been convicted of a crime.

3. Appellant was not entitled to a charge on the lesser included offense of theft by taking, as the evidence showed conclusively that nothing had been taken in the burglary. Thus, there was no offense of theft by taking in this case. If the facts show there was no such offense committed, the defendant is not entitled to a charge of it and is not entitled to the advantage of such charge to escape conviction of a greater crime. The offense in this case was burglary.

4. Neither was appellant entitled to a jury charge on the offense of criminal attempt to commit theft by taking as a felony and as a misdemeanor. It is true that theft by taking (OCGA § 16-8-2 (Code Ann. § 26-1802)) may in some circumstances be a lesser included offense of burglary, *Breland v. Smith,* 247 Ga. 690 (279 SE2d 204); but it does not follow that where a burglary (entry with intent to commit a theft; OCGA § 16-7-1 (Code Ann. § 26-1601)) was committed but nothing was actually taken, the *attempt* to commit theft by taking will be a lesser included offense which the defendant is entitled to have charged.

To show an attempt to commit theft by taking in this case, it first had to be shown that the appellant was in the victims' house; and the evidence is undisputed that the intruder was in the house without authority. Thus, the offense of "attempt to commit theft by taking," could only be proved in this case by proof of the greater, consummated offense of burglary. An attempt to commit a crime may be found as a lesser included offense even though the greater crime was actually committed (OCGA § 16-4-2 (Code Ann. § 26-1004)); but where an *attempt* to commit one crime can only be proved by proof of another, greater, consummated crime, the attempt of the former cannot possibly be "included" or "lesser" than the latter. The appellant was not entitled to a charge or verdict of attempt to commit theft by taking when that offense could only be proved by showing that he entered the victims' house with intent to commit a theft, i.e.,

that he actually committed burglary. A defendant is entitled to be convicted of a crime as a lesser included offense where the evidence raises an issue that he may have been guilty only of that crime. *Ewald v. State,* 156 Ga. App. 68, 71 (274 SE2d 31); *Quick v. State,* 139 Ga. App. 440, 443 (228 SE2d 592). In order to find that this defendant attempted to commit theft by taking, the evidence in this case first demanded a finding that he entered the victims' house without authority and thus committed burglary. There is therefore no evidence that appellant committed only the offense of attempted theft by taking (*Ewald,* supra; *Quick,* supra) and he was not entitled to a charge on this lesser included offense.

5. Appellant contends the trial court erred in not charging that the state must prove the identity of the person who committed the burglary beyond a reasonable doubt. There is no error here. There was no evidence or issue of mistaken or questioned identity in this case. In fact, the appellant was not identified at all by anyone, rather his guilt was proved by his possession and use of the car parked in front of the victims' house at the time of the burglary, and by three confessional statements he made. The trial court fully charged the jury that the state must prove beyond a reasonable doubt that the appellant committed the burglary, and must prove not only that the burglary was committed, but that appellant was the perpetrator of it. This was a sufficient charge requiring the state to prove appellant's identity as the criminal in this case.

6. The evidence in the case is sufficient to authorize a rational trier of fact to find reasonably that a burglary had been committed and to find proof of appellant's guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). Appellant contends that "it is debatable as to whether or not there was actually a [burglary]," but the jury obviously did debate this question and was authorized to find beyond a reasonable doubt that a burglary had taken place. The state's case was not purely circumstantial and was aided by three admissions of guilt made by the appellant. The credibility of witnesses is always a question of fact for the jury; the jury resolved this question against the appellant both as to the defense of alibi and as to the confessional statements appellant made to others. Appellant's enumeration on the general grounds is without merit. *Turner,* supra.

*Judgment affirmed. McMurray, P. J., concurs. Shulman, C. J., concurs in the judgment only.*

DECIDED JUNE 29, 1983.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews,*

*Assistant District Attorney,* for appellee.